UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NATIONAL EDUCATION ASSOCIATION, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil No. 1:25-cv-00091-LM |
| | ) |
| UNITED STATES DEPARTMENT OF EDUCATION, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' OBJECTION TO MOTION FOR A TEMPORARY RESTRAINING ORDER

On March 5, 2025, the plaintiffs filed a complaint for injunctive and declaratory relief, challenging a United States Department of Education's "Dear Colleague" letter that addressed enforcement of Title VI. Document Number ("DN") 1.

On March 21, 2025, the plaintiffs amended their complaint and filed a motion for a preliminary injunction. DNs 32 and 34. The motion is 53 pages long, followed by another 587 pages of attachments. The defendants' objection to that motion is due soon, on Friday, April 11, 2025.

On April 7, 2025, the plaintiffs filed a motion for temporary restraining order, which they say is necessary to protect their interests before the court can consider the motion for a preliminary injunction. DN 41. This motion for temporary and emergency relief was prompted by an April 3 Department of Education email and certification letter to 55 State and U.S. Territorial Departments of Education, which required states and local agencies to certify compliance with the Dear Colleague letter by April 13. *Id.* at 5; see also, Declaration of David W. Samberg attached as Exhibit 1, along with Attachments A and B. "Plaintiffs request a

Temporary Restraining Order to address the Department of Education's new enforcement actions, which impose consequential deadlines for actions well before the briefing schedule contemplated for the Preliminary Injunction Motion." DN 41 at 3.

However, the original compliance deadline is no longer in effect and will not preempt the contemplated briefing schedule. Yesterday the Department of Education sent the same 55 State and U.S. Territorial Departments of Education an email that extended the compliance deadline to April 24. Samberg Declaration at 2. In addition, the Department of Education Office of Civil Rights ("OCR") "will not initiate enforcement action based on any State or LEA certification, lack of certification, or communication with OCR regarding the certification, until after the April 24, 2025 deadline has passed …. States and LEAs may submit or resubmit the requested certifications and/or other responses to OCR, and OCR will not act on such submissions until after April 24, 2025." *Id.*

The defendants are finalizing a comprehensive response to the motion for a preliminary injunction, which they will file in three days. The plaintiffs will file a reply-memorandum by April 18, with a hearing to follow, well ahead of the April 24 compliance deadline. Under these circumstances, emergency relief is unnecessary and inappropriate before the court rules on the motion for a preliminary injunction.

Temporary restraining orders "must be used sparingly and only in cases where the need for extraordinary relief is clear and plain." *Northwest Bypass Grp. V. United States Army Corps. of Engineers*, 453 F. Supp. 2d 333, 338 (D.N.H. 2006). The court should deny the motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | John J. McCormack<br>Acting United States Attorney |
| Dated: April 8, 2025 | /s/ Robert J. Rabuck<br>Robert J. Rabuck<br>Assistant U.S. Attorney<br>Chief, Civil Division<br>NH Bar No. 2067<br>53 Pleasant Street, 4th Floor<br>Concord, New Hampshire 03301<br>(603) 225-1552<br>rob.rabuck@usdoj.gov |