# **EXHIBIT F**

THE STATE EDUCATION DEPARTMENT / THE UNIVERSITY OF THE STATE OF NEW YORK / ALBANY, NY 12234

Office of Counsel
Tel. 518-474-6400
Fax 518-474-1940

April 4, 2025

U.S. Department of Education
Office for Civil Rights
Washington DC, 20202

Dear Sir or Madam:[1]

We received your "Request for Certification" dated April 3, 2025.[2] Please accept this response on behalf of the Commissioner of Education.

The New York State Education Department (NYSED) has certified, on multiple occasions, that it does and will comply with Title VI of the Civil Rights Act of 1964 and its implementing regulations. It did so recently in connection with its Every Student Succeeds Act Plan, which the United States Department of Education (USDOE) approved on January 8, 2025. The certification remains in effect, as do other certifications and assurances regarding Title VI previously provided to USDOE.

Beyond that, NYSED is unaware of any authority that USDOE has to demand that a State Education Agency (SEA) agree to its interpretation of a judicial decision or change the terms and conditions of NYSED's award without formal administrative process. We understand that the current administration seeks to censor anything it deems "diversity, equity & inclusion" (DEI).[3] But there are no federal or State laws prohibiting the principles of DEI. And USDOE has yet to define what practices it believes violate Title VI; your request for certification merely adverts to "certain" and "illegal" DEI "practices." The requested certification attempts to condition NYSED's continued funding on USDOE's interpretation of the law—an interpretation that, as USDOE admits, lacks "the force and effect of law."[4]

---

[1] The request for certification was sent from a generic email address and is unsigned.
[2] The request, which contains significant collection activities, does not appear to have been issued in compliance with the Paperwork Reduction Act, 44 USC §§ 3501 *et seq.*
[3] *See* WHITE HOUSE EXECUTIVE ORDER: ENDING RADICAL AND WASTEFUL GOVERNMENT DEI PROGRAMS AND PREFERENCING (Jan. 20, 2025), Ending Radical And Wasteful Government DEI Programs And Preferencing – The White House.
[4] OFF. OF C.R., U.S. DEP'T OF EDUC., DEAR COLLEAGUE LETTER: TITLE VI OF THE CIVIL RIGHTS ACT IN LIGHT OF STUDENTS FOR FAIR ADMISSIONS V. HARVARD 1 n.3 (2025) ("This guidance does not have the force and effect of law and does not bind the public or create new legal standards."); OFF. OF C.R., U.S. DEP'T OF EDUC., FREQUENTLY ASKED QUESTIONS ABOUT RACIAL

USDOE cannot make improvisatory changes to legal assurances and impose new requirements on recipients without adhering to rulemaking procedures (*see* 20 USC § 1232).[5]

In any event, this is an abrupt shift from USDOE's position on DEI during the first Trump administration. As indicated in the enclosed article, former Secretary of Education Betsy DeVos informed USDOE staff in 2020 that "[d]iversity and inclusion are the cornerstones of high organizational performance." Ms. DeVos also opined that "embracing diversity and inclusion are key elements for success" for "building strong teams." USDOE has provided no explanation for how and why it changed positions."[6]

The case of *Students for Fair Admission, Inc. v. President and Fellows of Harvard College* does not have the totemic significance that you have assigned to it. This case prohibits consideration of race in college admissions. USDOE is entitled to make whatever policy pronouncements it wants—but cannot conflate policy with law.

The email that accompanies the Request for Certification also demands that NYSED, "within ten (10) days … report the signature status for each of your LEAs, any compliance issues found within your LEAs, and your proposed enforcement plans for those LEAs." NYSED has previously informed its LEAs of the requirement to comply with Title VI and its implementing regulations. We are unaware of any legal authority of USDOE to require an SEA to obtain individual certifications from each of its LEAs, report on their signature status, and propose enforcement plans to USDOE for approval in connection with a request of this nature.

---

standards."); OFF. OF C.R., U.S. DEP'T OF EDUC., FREQUENTLY ASKED QUESTIONS ABOUT RACIAL PREFERENCES AND STEREOTYPES UNDER TITLE VI OF THE CIVIL RIGHTS ACT 1 n.3 (2025) (hereinafter FAQ) ("The contents of this Q&A document do not have the force and effect of law and do not bind the public or impose new legal requirements; nor do they bind the Department of Education in the exercise of its discretionary enforcement authority").

[5] When promulgating a rule with the force of law, agencies must undertake notice and comment and respond to the public's comments on the proposed rule. This request improperly attempts to prescribe and enforce a nationwide legislative rule regarding "certain" undefined DEI "practices" under the auspices of Title VI without following that process. 5 USC § 553 (b)-(c); *Perez v. Mortg. Bankers Ass'n*, 575 US 92, 95-96 (2015).

[6] Agencies are prohibited from doing so. *See e.g.*, *Encino Motorcars, LLC v. Navarro*, 579 US 211, 221–222 (2016) (when changing positions agencies must "provide a reasoned explanation for the change," "display awareness that [they are] changing position," and consider "serious reliance interests," quoting *FCC v. Fox Television Stations, Inc.*, 556 US 502, 515 [2009]).

Given the fact that you are already in possession of guarantees by NYSED that it has and will comply with Title VI, no further certification will be forthcoming.

Sincerely,

Daniel Morton-Bentley
Counsel & Deputy Commissioner