UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NATIONAL EDUCATION ASSOCIATION; *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION; *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-00091-LM<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

Plaintiffs hereby move this Court for leave to file the attached Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15 and Local Rules 7.1 and 15.1.

## Background

On March 5, 2025, the Plaintiffs National Education Association and National Education Association–New Hampshire filed a complaint for injunctive and declaratory relief, ECF 1, challenging the United States Department of Education's ("ED") February 14, 2025, "Dear Colleague Letter" and subsequent implementation measures that threaten education institutions and entities across the country with the loss of federal funding if they continue to pursue vaguely defined "DEI programs." ECF 1. On March 21, 2025, Plaintiffs amended their Complaint as a matter of right to add the Center for Black Educator Development as another Plaintiff, ECF 32, and they filed a motion for a preliminary injunction, ECF 34. Defendants have yet to file a pleading responding to the First Amended Complaint. Defendants filed their objection to the preliminary injunction on April 11, 2025. ECF 52.

## Summary of Second Amended Complaint

As counsel previewed at the April 9, 2025 hearing, Plaintiffs seek to amend the operative First Amended Complaint, ECF 32, to add several local school districts—Dover School District, Oyster River Cooperative School District, Somersworth School District, and the Hanover School District and Dresden School District (collectively School Administrative Unit #70)—as Plaintiffs in the action (collectively, "School District Plaintiffs"). The Second Amended Complaint will also include allegations detailing the Defendants' efforts to coerce compliance with the "Dear Colleague Letter" through a Certification Requirement issued by ED on April 3, 2025, requiring state and local education agencies to provide written assurances given on pain of losing federal funding or facing liability under contract law or the False Claims Act, 31 U.S.C. §§ 3729–33. Finally, the Second Amended Complaint will also include an additional claim (Eighth Cause of Action) alleging that the Defendants' issuance and threatened enforcement of the "Dear Colleague Letter," including through the Certification Requirement, violates the Spending Clause of the United States Constitution, U.S. Const. art. I, § 8, cl. 1, and will incorporate into Plaintiffs' Sixth Cause of Action allegations that the Certification Requirement violates the Paperwork Reduction Act of 1980, 44 U.S.C. §§ 3501 et seq.

Pursuant to Local Rule 15.1, Plaintiffs certify that these amendments adding new allegations, claims, and parties were not included in the original filing because ED had not yet issued the Certification Requirement and the proposed School District Plaintiffs had not yet decided to seek relief through the case.

Also pursuant to Local Rule 15.1, attached to this motion are both a clean copy of the proposed Second Amended Complaint (Exhibit A) and a redline comparing the proposed Second Amended Complaint to the currently operative First Amended Complaint (Exhibit B).

2

**Argument**

"The Civil Rules take a liberal stance toward the amendment of pleadings, consistent with the federal courts' longstanding policy favoring the resolution of disputes on the merits." *Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 36 (1st Cir. 2022); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). A plaintiff may therefore file a second amended complaint—even over the objection of a defendant—with leave of the court, *see* Fed. R. Civ. P. 15(a)(2), and that leave should be "freely given . . . when justice so requires," *id.* As the Supreme Court has explained, a court should generally exercise its discretion to grant leave for an amendment so long as there is no "apparent or declared reason" for denial "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182.

None of those circumstances are present here, and leave to amend should therefore be granted. Plaintiffs' initial Complaint was filed only a little more than a month ago, meaning that Plaintiffs have acted without delay, bad faith, or dilatory motive. Moreover, there is no conceivable prejudice to the Defendants in allowing the amendment: they have yet to file a responsive pleading to the First Amended Complaint, no discovery has been conducted, and the amendment will not delay this Court's consideration of the pending motion for preliminary injunction. Counsel also previewed the need for the amendment to add additional School District Plaintiffs at the Court's April 9, 2025 hearing. Mot. Tr., 13:19–14:5.

Courts have held that sufficient notice and amendment early in the lifecycle of litigation, particularly where amendments do not "substantially change the theory on which the case has been proceeding," which is true here, negates any potential prejudice or delay. *Santiago v. WHM Carib, LLC*, 126 F. Supp. 3d 211, 214 (D.P.R. 2015) (permitting amendment because discovery had just begun and the amendments "merely augment the theory" of the case); *see also In re Pharm. Indus. Average Wholesale Price Litig.*, 538 F. Supp. 2d 392, 397 (D. Mass. 2008) (permitting amendment shortly before the end of the discovery period because defendant had notice of the additional claim).

Allowing the amendment will promote judicial efficiency because it avoids the need for the proposed School District Plaintiffs to file a new action that, in any event, would likely be consolidated with the instant case.

## Local Rule 7.1(a)(2) Certification

No separate memorandum of law is necessary as the points and authorities are contained within this motion.

## Local Rule 7.1(c) Certification

Plaintiffs certify that they have sought concurrence from the Defendants for this motion. Defendants object to the relief requested in this Motion.

## Relief Requested

WHEREFORE, Plaintiffs respectfully request that this Court:

(A)   Grant Plaintiffs leave to file a Second Amended Complaint.

(B)   Accept for docketing the proposed Second Amended Complaint attached as Exhibit A.

(C)   Grant such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

| | |
|---|---|
| Sarah Hinger[*]<br>Amanda Meyer[*]<br>Alexis Alvarez[*]<br>Leah Watson[*]<br>Ethan Herenstein[*]<br>Victoria Ochoa[*]<br>Sophia Lin Lakin[*]<br>American Civil Liberties Union Foundation<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>(212) 519-7882<br>shinger@aclu.org | /s/ Gilles R. Bissonnette<br>Gilles R. Bissonnette (N.H. Bar No. 265393)<br>Henry R. Klementowicz (N.H. Bar No. 21177)<br>SangYeob Kim (N.H. Bar No. 266657)<br>American Civil Liberties Union of New Hampshire<br>18 Low Avenue<br>Concord, NH 03301<br>(603) 224-5591<br>gilles@aclu-nh.org |
| Megan C. Keenan[*]<br>American Civil Liberties Union Foundation<br>915 15th Street NW<br>Washington, DC 20001<br>(740) 632-0671<br>mkeenan@aclu.org | Rachel E. Davidson[*]<br>American Civil Liberties Union Foundation of Massachusetts, Inc.<br>One Center Plaza, Suite 801<br>Boston, MA 02018<br>(617) 482-3170<br>rdavidson@aclum.org |
| Alice O'Brien[*†]<br>Jason Walta[*†]<br>Phil Hostak[*†]<br>NEA Office of General Counsel<br>National Education Association<br>1201 16th Street NW<br>Washington, DC 20036<br>(202) 822-7035<br>aobrien@nea.org | Callan E. Sullivan[†] (N.H. Bar No. 20799)<br>Lauren Snow Chadwick[†] (N.H. Bar No. 20288)<br>National Education Association-New Hampshire<br>9 South Spring Street<br>Concord, NH 03301<br>(603) 224-7751<br>csullivan@nhnea.org<br><br>[*]*admitted pro hac vice*<br>[†] *appearing only on behalf of NEA, NEA-NH, and Center for Black Educator Development* |