UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NATIONAL EDUCATION ASSOCIATION, et al.   )<br>)<br>    Plaintiffs,                                          )<br>)<br>    v.                                                      )<br>)<br>UNITED STATES DEPARTMENT OF    )<br>EDUCATION, et al.,                            )<br>)<br>    Defendants.                              )<br>_____) | Civil No. 1:25-cv-00091-LM |

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
ADDENDUM TO MOTION FOR A PRELIMINARY INJUNCTION (DN 56)

On March 5, 2025, the plaintiffs filed a complaint for injunctive and declaratory relief, challenging a United States Department of Education's "Dear Colleague" letter that addressed enforcement of Title VI. Document Number ("DN") 1. On March 21, 2025, the plaintiffs amended their complaint and filed a motion for a preliminary injunction. DNs 32 and 34. The defendants filed their objection to that motion on April 11, 2025. DN 52. The plaintiffs' reply memorandum is due today, April 15, 2025. Earlier today, the plaintiffs filed a 119-page addendum to their motion for a preliminary injunction. DN 56. The addendum consists of 14 exhibits, of which four are declarations of School Superintendents, running to nearly 50 pages. The hearing on the motion is in two days, April 17, 2025. The defendants request the Court to strike the addendum, DN 56, or decline to rely on it. The Court should not permit the defendants to use the addendum to support their reply memorandum, as they have done. DN 64.

The Federal Rules of Civil Procedure provide that "[*a]ny* affidavit supporting a motion *must* be served with the motion." Fed. R. Civ. P. 6 (c) (2) (emphasis added). "Any" and "must"

are broad and mandatory terms, respectively. *See, e.g., BP Am. Pro. Co. v. Burton*, 549 U.S. 84, 93 (2006) (describing "every" and "any" as broad terms); *Bowser v. Vose*, 968 F. 2d 105, 108 (1st Cir. 1992) (noting that "words such as 'shall,' 'will,' or 'must' are typically cited as paradigms of explicitly mandatory language."). Because the plaintiffs filed their addendum to coincide with their reply memorandum, it is worth pointing out that courts disfavor new arguments and evidence in a reply brief. *See*, *Doebele v. Sprint/United Management Co.*, 342 F. 3d 1117, 1139 n. 13 (10th Cir. 2003) ("…[T]he court abused its discretion to the extent it relied on new evidentiary materials presented for the first time in [the] reply brief."). And while the District of New Hampshire's Local Rules address "affidavits and other documents" that accompany motions and objections, the Local Rules do not contemplate the use of such supporting materials in a reply. LR 7.1(e).

Two other reasons weigh against allowing the plaintiffs the use of the addendum for the motion for a preliminary injunction. First, because the hearing is in less than 48 hours, the defendants do not have enough time to respond to the new materials, which prejudices the defendants. Second, the declarations included in the addendum are not germane to this Thursday's hearing, because the declarants are representatives of new parties in the proposed Second Amended Complaint, which has not been approved and is not the operative complaint.[1] It is also prejudicial to the defendants that they should have to defend against parties and allegations that are not yet before this Court.

For these reasons, the Court should strike the addendum or decline to rely on it; the Court should not permit the defendants to use the addendum in their reply memorandum (DN 64).

---

[1] The plaintiffs filed a Motion for Leave to Amend and File a Second Amended Complaint (DN 57) after they filed the addendum today. The Motion for Leave to Amend is at the beginning of the objection period.

2

Due to the nature of this Motion, no supporting memorandum is included.

                                                    Respectfully submitted,

                                                    John J. McCormack
                                                    Acting United States Attorney

Dated:  April 15, 2025                   /s/ Robert J. Rabuck
                                                    Robert J. Rabuck
                                                    Assistant U.S. Attorney
                                                    NH Bar No. 2067
                                                    53 Pleasant Street, 4th Floor
                                                    Concord, New Hampshire 03301
                                                    (603) 225-1552
                                                    rob.rabuck@usdoj.gov