IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

NATIONAL EDUCATION
ASSOCIATION; *et al.*,

        *Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF
EDUCATION; *et al.*,

        *Defendants*.

Case No. 1:25-cv-00091-LM

## OPPOSITION TO DEFENDANT'S MOTION TO STRIKE ADDENDUM TO MOTION FOR A PRELIMINARY INJUNCTION

Plaintiffs oppose Defendants' Motion To Strike Plaintiffs' Addendum to Motion For a Preliminary Injunction.[1] ECF 65. As Plaintiffs indicate in the Supplemental Declaration of Henry R. Klementowicz in Support of Plaintiffs' Motion For Preliminary Injunction, Exhibits A through J of the Addendum were previously filed in support of Plaintiffs' Emergency Motion for Temporary Restraining Order, ECF 56-1 at 1 & n.2, which Plaintiffs filed because of the impending deadline set by ED's Certification Requirement. Defendants reference this Certification Requirement in its opposition. ECF 52-1. Contrary to Defendants' suggestion otherwise, ECF 65 at 2, these are not new materials that will prejudice Defendants.

---

[1] Plaintiffs note that the Government did not seek concurrence on or give any notice of their motion, as required by LR 7.1(c), so the parties have not had an opportunity to discuss a mutually acceptable resolution of their concerns.

1

With respect to Exhibits K through N, Plaintiffs clarify that they are not seeking to rely on the particular allegations contained in the declarations of the school district Plaintiffs. The addendum declarations are referenced within Plaintiffs' Reply only to note the existence of the school district Plaintiffs and their standing to seek relief. ECF 64 at 2.

There is no prejudice to Defendants from including the consideration of the school district Plaintiffs in the requested preliminary injunctive relief here. Including the school district Plaintiffs relieves all parties as well as the Court of the need to address a separate emergency motion on the exact same legal issues. Should the addendum be struck or should the Court conclude that it cannot include the school district Plaintiffs within the requested preliminary injunctive relief, Plaintiffs are prepared to file a temporary restraining order on behalf of the school district Plaintiffs incorporating the claims and arguments in the existing Preliminary Injunction Motion and the previously filed TRO.

Plaintiffs ask that the Court consider the school district Plaintiffs in the Motion for Preliminary Injunction solely with respect to the existing claims included therein. This is warranted given the clear exigencies of the circumstances. Plaintiffs moved expeditiously to challenge ED's unconstitutional enforcement of the Dear Colleague Letter ("DCL"). Plaintiffs filed the Motion for Preliminary Injunction on March 21, 2025. ECF 34. The Government took enforcement action under the DCL in the form of the Certification Requirement on April 3, 2025, weeks *after* Plaintiffs' Motion for Preliminary Injunction was filed. ECF 41-1. Because the Certification Requirement provided just ten days for compliance and the briefing schedule for the preliminary injunction would end after the certification deadline, Plaintiffs filed a motion for a temporary restraining order on April 7, 2025. ECF 41. Parties agreed to moot the TRO in favor of an expedited briefing schedule on the preliminary injunction on April 10, 2025. ECF 48-1.

Plaintiffs notified opposing counsel and the Court at the first possible instance, and in advance of Defendants' deadline to file their opposition to Plaintiffs' Motion for Preliminary Injunction, that Plaintiffs were planning to amend to add the school district Plaintiffs to the litigation. Hr'g transcript 13:9-14:5.

It is possible that the Court could meet both the Plaintiffs' concerns with the urgency of the circumstances and the Government's interest in its ability to respond. *See Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003) ("having accepted the reply brief, the district court in fact had two permissible courses of action. It could either have permitted a surreply or, in granting summary judgment for the movant, it could have refrained from relying on any new material contained in the reply brief.") (cleaned up) (quoting *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159 (10th Cir. 1998)). As Plaintiffs communicated to the Government in advance of filing the Addendum, Plaintiffs do not object to the Government responding to the Addendum. Plaintiffs filed the Addendum as early as possible to permit the Government's review.

Taking into account the exigencies of the circumstances, Plaintiffs respectfully request that any deadline for the Government to respond to the Motion for Leave to Amend or to the Addendum be set to allow the Court an opportunity to resolve Plaintiffs' Motion for Preliminary Injunction by the time frame dictated by the Government in demanding compliance with the Certification Requirement (currently April 24, 2025), to allow the Court to provide complete relief.

The Court can, within its discretion and for good cause, expedite consideration of the Motion to File a Second Amended Complaint, LR 7.1(f)[2], and Plaintiffs respectfully request that it do so.

Dated: April 15, 2025

Respectfully submitted,

| | |
|---|---|
| Sarah Hinger* | /s/ Henry Klementowicz |
| Amanda Meyer* | Gilles R. Bissonnette (N.H. Bar No. 265393) |
| Alexis Alvarez* | Henry R. Klementowicz (N.H. Bar No. 21177) |
| Leah Watson* | |
| Ethan Herenstein* | SangYeob Kim (N.H. Bar No. 266657) |
| Victoria Ochoa* | American Civil Liberties Union of New Hampshire |
| Sophia Lin Lakin* | |
| American Civil Liberties Union Foundation | 18 Low Avenue |
| 125 Broad Street, 18th Floor | Concord, NH 03301 |
| New York, NY 10004 | (603) 224-5591 |
| (212) 519-7882 | gilles@aclu-nh.org |
| shinger@aclu.org | |
| | |
| Megan C. Keenan* | Rachel E. Davidson* |
| American Civil Liberties Union Foundation | American Civil Liberties Union Foundation of Massachusetts, Inc. |
| 915 15th Street NW | |
| Washington, DC 20001 | One Center Plaza, Suite 801 |
| (740) 632-0671 | Boston, MA 02018 |
| mkeenan@aclu.org | (617) 482-3170 |
| | rdavidson@aclum.org |
| | |
| Alice O'Brien*ᵀ | Callan E. Sullivanᵀ (N.H. Bar No. 20799) |
| Jason Walta*ᵀ | Lauren Snow Chadwickᵀ (N.H. Bar No. 20288) |
| Phil Hostak*ᵀ | |
| NEA Office of General Counsel | National Education Association-New Hampshire |
| National Education Association | |
| 1201 16th Street NW | 9 South Spring Street |
| | Concord, NH 03301 |

---

[2] Plaintiffs regret the omission of this request in their initial motion and are prepared to file a corrected motion should the Court request it.

Washington, DC 20036  
(202) 822-7035  
aobrien@nea.org

(603) 224-7751  
csullivan@nhnea.org

*admitted pro hac vice*  
ᵀ appearing only on behalf of NEA, NEA-NH, and Center for Black Educator Development