UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

National Education Association, et al.

      v.                           Civil No. 25-cv-091-LM

United States Department of
Education, et al.

# O R D E R

In August, the District of Maryland granted summary judgment to the plaintiffs in a materially identical case challenging the Dear Colleague Letter and certification requirement as unconstitutional and in violation of the APA. See Am. Fed. of Teachers v. Dep't of Educ., 796 F. Supp. 3d 66 (D. Md. 2025). After finding for the plaintiffs on their APA claim, the district court vacated the letter and certification requirement "in their entirety," rendering them "void, null, and nonexistent." Id. at 121-22. Although the defendants initially appealed the summary judgment order, the parties jointly stipulated to the appeal's dismissal on January 21, 2026, and the Fourth Circuit dismissed the appeal the next day. See Am. Fed. of Teachers v. Dep't of Educ., No. 25-2228 (4th Cir. Jan. 22, 2026) (doc no. 27). As such, it appears that the letter and certification requirement that the plaintiffs in this case seek to strike down have been permanently vacated.

A case or controversy must be extant at all stages of a lawsuit. Matt v. HSBC Bank USA, N.A., 783 F.3d 368, 372 (1st Cir. 2015). "'A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the

outcome,' meaning 'the court cannot give any effectual relief to the potentially prevailing party.'" Calvary Chapel of Bangor v. Mills, 542 F. Supp. 3d 24, 34 (D. Me. 2021) (quoting Bayley's Campground, Inc. v. Mills, 985 F.3d 153, 157 (1st Cir. 2021)); see, e.g., Maher v. Hyde, 272 F.3d 83, 87 (1st Cir. 2001) (holding that a case challenging administrative action was moot after the plaintiffs obtained "the very outcome [they] sought in court"). The court may raise mootness sua sponte. Matt, 783 F.3d at 372.

Given the vacatur ordered by the District of Maryland and the defendants' abandonment of their appeal of that order, it strongly appears to the court that the plaintiffs' claims for injunctive and declaratory relief in this case are moot. It does not appear that the court can provide "meaningful relief" to the plaintiffs, and "federal courts 'are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.'" Am. Civ. Liberties Union of Mass. v. U.S. Conf of Catholic Bishops, 705 F.3d 44, 53 (1st Cir. 2013).

On or before February 3, 2026, the parties shall file memoranda of no more than ten pages addressed to whether the proceedings in American Federation of Teachers have rendered plaintiffs' claims in this action moot.

SO ORDERED.

Landya McCafferty
United States District Judge

January 27, 2026

cc:    Counsel of Record

2